UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | ) ) ) | CIVIL ACTION NO. 8:14-cv-00026-JMC |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MRB, INCORPORATED; MARY BETH PARKER, also known as MARY BETH MCELVEEN, an Individual; and the MRB, INCORPORATED SIMPLE IRA PLAN; | ) ) ) ) ) | |
| Defendants. | ) ) | **C O M P L A I N T** **(Injunctive Relief Sought)** |

This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to section 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5).

I

Jurisdiction over this action is conferred upon the Court by section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

II

The MRB, Incorporated SIMPLE IRA Plan ("the Plan") is an employee benefit plan within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3).

III

Venue for this action lies in the District of South Carolina where the alleged breaches occurred, pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

IV

A. MRB, Incorporated ("MRB"), as the Employer who sponsored the Plan, was a "fiduciary" of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that it exercised discretionary authority or discretionary control respecting management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets, or had discretionary authority or discretionary responsibility in the administration of the Plan.

B. Mary Beth Parker, also known as Mary Beth McElveen ("Parker"), as owner of MRB, was a "fiduciary" of the Plan within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that she exercised discretionary authority or discretionary control respecting management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets, or had discretionary authority or discretionary responsibility in the administration of the Plan.

C. At all relevant times, each of the following was a "party in interest" within the meaning of section 3(14) of ERISA, 29 U.S.C. § 1002(14):

1. As a fiduciary to the Plan, an employer any of whose employees were covered by the Plan, and a business of which 50% or more was owned by another party in interest to the Plan, MRB is a party in interest with respect to the Plan within the meaning of section 3(14)(A), (C), and (G) of ERISA, 29 U.S.C. § 1002(14)(A), (C), and (G).

2. As a fiduciary to the Plan and President and majority owner of MRB, Defendant Parker was a party in interest with respect to the Plan within the meaning of section 3(14)(A), (E), and (H) of ERISA, 29 U.S.C. § 1002(14)(A), (E), and (H).

D. The MRB, Incorporated SIMPLE IRA Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

V

A. Defendant MRB was incorporated in the State of South Carolina in 1998 and was located in the city of Anderson, Anderson County, South Carolina.

B. Defendant Parker is or was the sole owner of Defendant MRB and at all relevant times hereto has overseen or oversaw its day-to-day operations.

C. Defendant MRB established the Plan for the benefit of its employees sometime in June 2001.

D. The Plan Document permits employees to defer up to $6,000 of their gross compensation for contribution to the Plan in an Individual Retirement Account. The Plan Document also required MRB to remit matching contributions to the Plan equal to the employees' contributions, up to 3% of each employee's compensation for that calendar year.

E. In accordance with 29 C.F.R. § 2510.3-102 and the Plan Document, MRB was required to remit employee contributions to the Plan on the earliest date on which such contributions could reasonably be segregated from MRB's general assets, but not later than the 30th calendar day following the month in which the contributions would otherwise have been payable to the participant in cash.

F.  MRB paid its employees weekly and withheld participant's contributions to the Plan from their compensation at that time.

G.  To the best of Plaintiff's knowledge and belief, during the pay periods January 4 through April 4, 2008, and January 30, 2009, MRB did not remit participant contributions to the Plan at the earliest date on which the funds could reasonably be segregated from its general assets.  MRB remitted the funds between 6 and 13 days after they could reasonably be remitted.

H.  Defendants failed to ensure that participant contributions were timely remitted to the Plan during the pay periods January 4 through April 4, 2008, and January 30, 2009.

I.  To the best of Plaintiff's knowledge and belief, during the pay periods April 18 through November 28, 2008, and February 20, 2009 through June 11, 2010, MRB failed to remit to the Plan participant contributions totaling $11,958.09, which had been withheld from employees' compensation.

J.  Defendants failed to ensure that participant contributions were remitted to the Plan during the pay periods April 18 through November 28, 2008, and February 20, 2009 through June 11, 2010.

K.  During the periods that employee contributions were not remitted to the Plan as required, Defendants caused or allowed the contributions to be commingled with the general assets of MRB.

L.  Defendants caused or allowed the commingled funds referred to in the preceding paragraph to be used for MRB's purposes and obligations rather than for the exclusive benefit of the Plan and the participants.

M.     Defendants have failed to take action to restore to the Plan the full amount of the un-remitted participant contributions plus lost interest that would have accrued but for the actions described in the preceding paragraphs.

N.     Defendants failed to monitor, control or attempt to rectify the acts of one another with respect to the Plan.

O.     As a result of the Defendants' actions described above, the Plan suffered losses in the form of participant contributions due to the Plan totaling $11,958.09, and lost earnings totaling $2,149.83 on late or outstanding participant contributions as of December 31, 2013.

VI

A.     Defendants breached their fiduciary obligations by failing to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits and defraying reasonable expenses of plan administration, in violation of section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A), in that they caused engaged in, or allowed the acts or omissions described in paragraphs V(G) through (O).

B.     Defendants breached their fiduciary obligations by failing to discharge their duties with respect to the Plan with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character with like aims, in violation of section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B), in that they caused, engaged in, or allowed the acts or omissions described in paragraphs V(G) through (O).

C.     Defendants breached their fiduciary obligations by failing to discharge their duties with respect to the Plan in accordance with the documents and instruments governing the Plan,

insofar as such documents and instruments are consistent with ERISA, in violation of section 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D), in that they that they caused, engaged in, or allowed the acts or omissions described in paragraphs V(G) through (O).

D.  Defendants breached their fiduciary obligations by causing the Plan to engage in transactions that constituted direct or indirect transfers of the Plan's assets to, or use of the Plan's assets by or for the benefit of, a party in interest, in violation of section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D), by causing, engaging in, or allowing the acts or omissions set forth in paragraphs V(G) through (L).

E.  Defendants breached their fiduciary obligations by dealing with the assets of the Plan in their own interest or for their own account, in violation of section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1), by causing, engaging in, or allowing the acts or omissions set forth in paragraphs V(G) through (L).

F.  Defendants breached their fiduciary obligations by acting in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2), by causing, engaging in, or allowing the acts or omissions set forth in paragraphs V(G) through (O).

G.  Defendants breached their fiduciary obligations to the Plan by failing to ensure that all assets of the Plan were held in trust, in violation of section 403(a) of ERISA, 29 U.S.C. § 1103(a), by causing, engaging in, or allowing the acts or omissions set forth in paragraphs V(G) through (L).

H.  Defendants breached their fiduciary obligations to the Plan by failing to ensure that the assets of the Plan never inured to the benefit of MRB and were held for the exclusive

purposes of providing benefits to participants and beneficiaries of the Plan and defraying reasonable expenses of administering the Plan, in violation of section 403(c)(1) of ERISA, 29 U.S.C. § 1103(c)(1), by causing, engaging in, or allowing the acts or omissions set forth in paragraphs V(G) through (L).

      I.      Defendants are each liable for the breaches of the other, pursuant to section 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of section 405(a)(1) of ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of section 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of section 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

WHEREFORE, pursuant to section 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

      A.      Order Defendants, jointly and severally, to restore to the Plan all losses including interest or lost opportunity costs, to disgorge all profits or financial benefit they realized as a result of the violations described in this Complaint, and to correct all prohibited transactions;

      B.      Order that the Plan set off the individual Plan account of Defendant Parker against the amount of losses, including lost opportunity costs, resulting from her fiduciary breaches, as authorized by section 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, section 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants and reallocated to the non-breaching participants;

C. Appoint a successor fiduciary or administrator, at Defendants' expense;

D. Order Defendant Parker to be permanently enjoined from serving, directly or indirectly, for compensation or otherwise, in any capacity, including as a fiduciary or service provider, with respect to any employee benefit plan subject to the coverage of ERISA;

E. Enjoin Defendants from engaging in any further action in violation of Title I of ERISA;

F. Award Plaintiff the costs of this action; and

G. Provide such other and further relief as may be just and equitable.

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

By:  *s/BARBARA M. BOWENS*
Barbara M. Bowens (#4004)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone: (803) 929-3000
E-mail:  barbara.bowens@usdoj.gov

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

KAREN E. MOCK
Senior Trial Attorney

8

                                    Office of the Solicitor,
                                    U.S. Department of Labor
                                    61 Forsyth Street, SW, Room 7T10
                                    Atlanta, GA 30303
                                    Telephone: 404-302 5459
                                    Facsimile: 404-302 5438
                                    E-mail: mock.karen@dol.gov
                                    ATL.Fedcourt@dol.gov

                                    Attorneys for Plaintiff, Thomas E. Perez,
                                    Secretary of Labor, U.S. Department of Labor

January 3, 2014